UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR MONEY LAUNDERING INVESTIGATION | ML No: 1:23-ml-670 |

*Reference:*   DOJ Ref. # CRM-182-85284

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Y. Laster, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Argentina.  In support of this application, the United States asserts:

RELEVANT FACTS

1. The Central Authority of Argentina, the Ministry of Foreign Affairs, International Trade, and Worship, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty between the Government of the United States of America and the Government of the Republic of Argentina on Mutual Legal Assistance on Criminal Matters, U.S.-Arg., Dec. 4, 1990, S. TREATY DOC. NO. 102-18 (1991) (the Treaty).

2. As stated in the Request, the Federal Court No. 2 in the Province of Cordoba in Argentina is investigating Martin Azar (Azar), Diego Sebastian Sanchez (Sanchez), and others for money laundering, unauthorized financial intermediation, and criminal conspiracy, which occurred from in or about 2016 to 2020, in violation of the criminal laws of Argentina, specifically, Section 303(1), Section 310, and Section 210 of the Argentine Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to Argentine authorities, Azar and Sanchez, Argentine citizens, set up an illegal financial services company and used it to carry out unauthorized financial activities including transferring money abroad, the purchase and sale of foreign currency, illegal loans to third parties, and laundering the proceeds brought in from this illegal activity without declaring any of the money to Argentine authorities. The targets also created companies abroad from in or about April 2016 through in or about August 2018, allowing the targets to hide funds from foreign and Argentine authorities.

4. The targets received three percent to five percent commission payments for each operation carried out for their customers including a flat fee of 45 USD for money transfers to accounts abroad. Further, the targets submitted false invoices for nonexistent services to banks located in the United States to justify the illegal source of the money entering the U.S. financial system. Azar's father, a former judge in Argentina, helped Azar to use several companies and bank accounts to conduct illegal wire transfers. Azar's father made trips to and from the United States to carry foreign checks and deposit illegal funds into various bank accounts located in the United States.

5. The undeclared bank accounts were discovered during a judicially authorized search of the target's phones and electronic devices on February 13, 2020. The bank accounts

used to conduct the above-mentioned activities include: Wells Fargo Bank account number XXXXXX5896, Wells Fargo account number XXXXXX8902, Wells Fargo account number XXXXXXXX76-RC (showing a transfer of 1,780 USD and a transfer of 2,500 USD), Wells Fargo account number XXXXXX8783, Bank of America account number XXXXXXXX4197 (between May 2019 and December 2019, approximately 188,324 USD was transferred to this account); Bank of America account number XXXXXXX4126 (between January 2019 and February 2020, approximately 548,423 USD was transferred to this account); Bank of America account number XXXXXXXX5026 (showing a transfer of 50,030 USD on September 14, 2018); Bank of America account number XXXXXXXX7127 (showing a transfer of 7,775.32 on February 10, 2020 and a transfer of 3,600.31 EUR or approximately 3,959 USD on February 11, 2020); Bank of America account number XXXXXXXX1238; Bank of America account number XXXX-XXXX3237 (between October 2017 and February 2018, a total of 358,126 USD was transferred to this account); and Bank of America account number XXXXXXXXXXXX1882, all accounts located in the United States.

6. All of these accounts were opened by Azar, his wife, and his co-conspirators names, but were managed jointly by Azar and his wife. By allowing the company's customers to transfer funds to and from Argentina and other countries, Azar, his co-conspirators, and customers avoided paying taxes, in violation of Argentine law.

7. To further the investigation, Argentine authorities have asked U.S. authorities to provide bank records pertaining to Wells Fargo Bank account numbers XXXXXX5896, XXXXXX8902, XXXXXXXX76-RC, XXXXXX8783, Bank of America account numbers XXXXXXXX4197, XXXXXXX4126, XXXXXXXX5026, XXXXXXXX7127, XXXXXXXX1238, XXXXXXXX3237, and account number XXXXXXXXXXXX1882.

LEGAL BACKGROUND

8.      A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

9.      The United States and Argentina entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5 ("The courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.").

10.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
>     \*    \*    \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
>     \*    \*    \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

  11. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

necessary to execute a foreign request.

12. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

13. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

14. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Foreign Affairs, International Trade, and Worship, the designated Central Authority in Argentina and seeks assistance in the investigation of money laundering, unauthorized financial intermediation, and criminal conspiracy – criminal offenses in Argentina. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

15. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

16. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

17.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Y. Laster, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                              Respectfully submitted,

                              VAUGHN A. ARY  
                              DIRECTOR  
                              OFFICE OF INTERNATIONAL AFFAIRS  
                              OK Bar Number 12199

By:   _/s/ Erica Laster_____  
        Erica Y. Laster  
        Trial Attorney  
        D.C. Bar Number 1032449  
        Office of International Affairs  
        Criminal Division, Department of Justice  
        1301 New York Avenue, N.W.  
        Washington, D.C. 20530  
        (202) 353-1677  
        Erica.Laster@usdoj.gov